John W. **YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellants,**

v.

Vernis **POLLY, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 9, 1970.

---

1. Referred to on a related subject in City of Covington v. Public Service Commission, Ky., 313 S.W.2d 391 (1958).

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellants.

William Melton, Hazard, for Vernis Polly.

Richard D. Cooper, Reeves, Barret, Cooper & Ward, Hazard, for Dept. of Economic Security.

REED, Judge.

Vernis Polly, employed in an unemployed father's program operated by the state Department of Economic Security, sustained a back injury while lifting a rock. He filed a claim against his employer, the Department of Economic Security, for disability benefits under the Workmen's Compensation Act. The employer asserted that he had a pre-existing nondisabling disease condition which was triggered into disabling reality by the back injury and that the Special Fund should be assessed part of the liability for the payment of compensation benefits. (KRS 342.120). The Workmen's Compensation Board made the Special Fund a party to the proceedings and appointed a physician to report on the questions of disability and apportionment. (KRS 342.121). The Board found that Polly was permanently and totally disabled; that "his pre-existing congenital and degenerative abnormalities" contributed in no way to his disability and that the employer alone was responsible for the payment of the award. The employer appealed to circuit court. The circuit court held that the evidence was of such persuasive force as to establish that Polly had a pre-existing, dormant, nondisabling disease condition, which was triggered into disabling reality by the injury, that it was clearly unreasonable for the Board not to be convinced by such evidence and apportion the liability between the Fund and the employer. We conclude that the Board's award should have been sustained. We reverse the circuit court.

The medical evidence introduced by Polly did not establish the existence of a pre-existing disease condition. The Board-appointed physician, whose report was characterized as ambiguous by the circuit court, may have been less than positive about some of his findings concerning the onset and duration of disability, but he was definite and positive that Polly's pre-exist-

ing condition contributed in no way to his present disability. The employer filed sufficient exceptions to the Board-appointed physician's report; on the issue contested, however, these medical findings remained as evidence that the Board had a right to believe. Thus, whether the pre-existing condition was one of disease or otherwise, the Board had the duty to relieve the Fund of liability when it found that the pre-existing condition played no part in Polly's present disability.

■ The employer argues that the testimony of Dr. David Stevens, a specialist in orthopedics, was so persuasive that it was clearly unreasonable for the Board not to be convinced by it. We do not find it at all persuasive to establish that Polly had a pre-existing nondisabling condition caused by disease that was triggered into disabling reality by a subsequent injury. Dr. Stevens's testimony was that Polly's pre-existing condition was in part a congenital deformity due to embryonic malformation and degeneration "due to the summation of physical force or injury applied to the spine throughout the activities."

Dr. Stevens failed to characterize the condition as one of "disease." He found it to be one of "deformity" and "degeneration." Hence, if we disregard the significance of the findings of the Board-appointed physician entirely, we still are impelled to the conclusion that the evidence for the employer failed to establish the existence of a pre-existing condition that was caused by *disease*. Therefore, the Board correctly applied the principle of Young v. City Bus Company, Ky., 450 S.W. 2d 510 (1969). No liability could be assessed against the Fund under the very terms of the statute. (KRS 342.120).

The judgment of the circuit court is reversed, with directions to enter a new judgment sustaining the award of the Board.

All concur.